UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ORLANDO GARCIA, | No. 2:19-cv-1601-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, | |
| Defendant. | |

Plaintiff, a former county inmate, now a state prisoner, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he has also filed a motion for extension of time (ECF No. 6) and an application to proceed in forma pauperis (ECF No. 7).

<u>Motion for Extension of Time</u>

Plaintiff seeks a global, but non-specific, extension of deadlines.  ECF No. 6.  The court is disinclined to grant such motions.  If plaintiff finds that he needs additional time to meet a *specific* deadline, he may file a motion seeking a reasonable extension at that time.  Accordingly, his non-specific motion for extension of time (ECF No. 6) is denied without prejudice.

<u>Application to Proceed In Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff's request to proceed in forma pauperis is granted.

1

Screening

I.     Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff has filed two complaints both of which are substantively the same and each of which alleges that, while incarcerated at the Sacramento County jail, he was denied "reasonable medical care." ECF No. 1 at 3; ECF No. 12 at 3.  He claims that he informed unnamed medical

2

staff of his "existing medical conditions and concerns" and, rather than addressing them in any meaningful way, they "[kept] moving [him] around and finally [put him] in lockdown."[1] ECF No. 1 at 3. Plaintiff claims that, as a result, he had difficulty breathing, anxiety attacks, severe back and muscle pain, and depression. *Id.* The complaint, however, is short on specifics. Plaintiff does not adequately identify: (1) each of his serious medical needs; (2) what care, if any, he did receive for each of those conditions; or (3) how Sheriff Jones was involved in or aware of the alleged inadequacies in his care.

A claim for medical deliberate indifference under the Eighth Amendment requires a two-pronged showing. First, the plaintiff must show that he suffered from a "serious medical need" and the failure to treat that condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). Second, the plaintiff must show that defendants' response to that need was deliberately indifferent. *Id.* at 1060. Deliberate indifference requires a showing that the defendant prison official was subjectively aware of the risk. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). It requires a showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Here, plaintiff has failed to adequately describe each of his serious medical needs – it is unclear, for instance, what conditions give rise to his back and muscle pain. He has also failed to make allegations which, taken as true, would establish any culpability on the part of Sheriff Jones. Plaintiff identifies Jones as the "top policy maker," (ECF No. 1 at 3) but does not describe any specific policies that contributed to his injury. And he cannot hold Jones liable based solely on his supervisory position because there is no respondeat superior liability in a 1983 action. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

/////

---

[1] Plaintiff does, to his credit, describe the numerous instances in which he was moved to different parts of the jail. ECF No. 1 at 5. But these allegations shed little light on the specifics of his medical claims.

The complaint will be dismissed with leave to amend so that plaintiff may attempt to correct the foregoing deficiencies.

### III. Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

4

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3. Plaintiff's motion for extension of time (ECF No. 6) is DENIED without prejudice;

4. Plaintiff's complaints (ECF Nos. 1 & 12) are dismissed with leave to amend within 30 days from the date of service of this order; and

5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 17, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE