1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL ORLANDO GARCIA,                    No. 2:19-cv-1601-EFB P

12                  Plaintiff,

13         v.                                 ORDER

14    SCOTT JONES,

15                  Defendant.

16

17         Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983.

18  On April 17, 2020, the court dismissed plaintiff's initial complaint for failure to state a claim

19  upon which relief could be granted.  ECF No. 13.  Plaintiff was given leave to amend and he has

20  now submitted an amended complaint (ECF No. 18), which the court must screen.

21                                  Screening

22       I.     Legal Standards

23         Federal courts must engage in a preliminary screening of cases in which prisoners seek

24  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

26  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

27  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

28  relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.     Analysis

Plaintiff alleges that, while incarcerated at the Sacramento County jail, he suffered an "attack" on April 3, 2019 which left him with permanent nerve damage and "pettimal[1] seizures." ECF No. 18 at 5.   He has sued only Sheriff Scott Jones whom he alleges crafted a policy of allowing deputies to screen medical emergencies for jail health services providers.  *Id.* at 3.  At first blush, plaintiff's issue with the policy appears to be its reliance on non-medical personnel to

---

[1] Plaintiff presumably means "petit mal" seizures.

1    alert health providers to inmate needs.  However, in the body of the complaint, plaintiff claims

2    that his relevant health attack was "told to medical staff . . . who then put [his] emergency on

3    hold." *Id.* at 5.  Thus, to the extent the blame for the delay is assigned to jail medical staff, it is

4    unclear how Sheriff Jones or the policy attributed to him have any culpability in the injury

5    alleged.[2]

6         The court will provide plaintiff with one final opportunity to submit an amended

7    complaint before it recommends this action be dismissed for failure to state a claim.

8         III.    Leave to Amend

9         Plaintiff is cautioned that any amended complaint must identify as a defendant only

10   persons who personally participated in a substantial way in depriving him of his constitutional

11   rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the

12   deprivation of a constitutional right if he does an act, participates in another's act or omits to

13   perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also

14   include any allegations based on state law that are so closely related to his federal allegations that

15   "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

16        The amended complaint must also contain a caption including the names of all defendants.

17   Fed. R. Civ. P. 10(a).

18        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

19   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

20        Any amended complaint must be written or typed so that it so that it is complete in itself

21   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

22   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

23   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

24   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

25   /////

26

27   _____
     [2] Plaintiff also alleges that an officer at the jail named Elliott wrongly assessed him with a
     rules violation report.  ECF No. 18 at 5.  It is unclear how, if at all, plaintiff alleges that Jones is
28   culpable for this separate issue.

                                              3

1    being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

2    1967)).

3          Any amended complaint should be as concise as possible in fulfilling the above

4    requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

5    background which has no bearing on his legal claims.  He should also take pains to ensure that his

6    amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

7    and organization.  Plaintiff should carefully consider whether each of the defendants he names

8    actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

9    which plaintiff names dozens of defendants will not be looked upon favorably by the court.

10                                          Conclusion

11         Accordingly, it is ORDERED that:

12         1.  Plaintiff's second amended complaint (ECF No. 18) is dismissed with leave to amend

13   within 30 days from the date of service of this order; and

14         2.  Failure to file an amended complaint that complies with this order may result in the

15   dismissal of this action for the reasons stated herein.

16   DATED:  September 28, 2020.

17

18                                          EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

                                                4